# USDC SCAN INDEX SHEET










```
RFM    9/21/00   15:24
3:00-M -02775   USA V. BRAUN
*1*
*CRCMP.*
```

FILED

00 SEP 21 PM 12:35

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Magistrate's Docket No. **00 mg 2775**

Case No. _____

**BRAUN, Conrad J.**_____, now presented before
(Name of accused)

**The Honorable John A. Houston**_____, United States Magistrate Judge, for arraignment and fixing of bail, has been charged before a United States Magistrate Judge in the **Western** District of **Missouri** that on or about **09/19/00**, at **Kansas City, MO** in
(Date of Offense)

violation of United States Code, Title **18**, Section **3606**, the accused

**violated the conditions of his supervised release.**
(Brief Statement of Offense Charged)

and a warrant for his/her arrest was issued the same day by the aforesaid magistrate.

Bond in the sum of **NONE SET** has been recommended by the United States Attorney of the district in which charges are pending.

Dated: **September 21, 00**

Steve Rancone _____
Name of Affiant

Deputy U.S. Marshal

Lodged with me    2 / 54   day of September 2000   in lieu of
certified copies of complaint against the accused.

## MAGISTRATE INFORMATION SHEET

1. Dis. Auth _____ 1A. USAO#_____ Ct.#_____ Agency #_____

2. Hg. Date _____ 3. AUSA_____ 4. Mag._____

5A. Mat. Wit._____ Cust: NO  Arraign M/W  Release M/W  Other

5B. Eye Wit._____ 5C. Victims_____(no.)

Def. #___of___s. Def Name: **BRAUN, Conrad J** Soc. Sec. #  **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**   Alias: **Braun, Conrad Jules**

Birth Date **06/29/49** Address **8417 Broadway, #112, SD, CA** 7. Flip? Yes No

Charges **18 USC 3606** _____ 8. Arrest Date **09/21/00**

Penalties **Supervised Release Violat.** Place of Arrest **09/21/00**

Agents **Steve Rancone** _____ Phone#: **557-6620** Date Committed: **09/21/00**

Agency **U.S. Marshals Service** _____ Program Category:_____

9. Custody? Yes No        10. Citizenship? U.S. Mex. Other_____

11. INS Status: Res  Bcc  Illegal  Other_____

Prior Deports: _____ Prior VR's_____

Prior Record: _____

Drug Usage: _____ How Evidenced?_____

Cash on Def. $_____ Other Evidence_____

Agents Fact Summary:  **Arrested by DUSM Steve Rancone.**


Agents Info (Employment, Family, Etc.) _____

Vehicle Seized (Describe) _____ Mat/Wit Atty:_____

12. Def. Atty: Apptd  Retain  13. Def. Atty. Name_____

14. Plea: Guilty Count_____ NG  Nolo   15. RCD? Yes No   16. Sent._____

Con't Sent_____  16A. S.A $_____ 17. Dism? Ct. Govt.

18. Next Court for _____ 19. Date _____ 20. Time ___and for__on__at___

21. Bond Set _____ Conditions_____

22. Pers. Info _____

23. Sentencing Guidelines _____

24. Potential Forfeitures _____

PROB 19
(Rev. 1/82)

# UNITED STATES DISTRICT COURT

for

Western District of Missouri

2000 SEP 19 AM 9:32

U.S.A. vs Conrad Jules Braun          Docket No. 93-00133-01-CR-W-9-5

TO:[1] any United States Marshal, or his deputies, or any other authorized law enforcement officer

| WARRANT FOR ARREST OF SUPERVISED RELEASEE | | | |
|---|---|---|---|
| You are hereby commanded to arrest the within-named and bring him or her, forthwith, before the United States District Court to answer charges that he or she violated the conditions of his or her supervised release imposed by the court. | | | |
| NAME OF SUPERVISED RELEASEE<br>Conrad Jules Braun | SEX<br>Male | RACE<br>White | AGE<br>51 |
| ADDRESS (STREET, CITY, STATE)<br><br>Broadway Manor<br>8417 Broadway, No. 112<br>San Diego, California 91945 | | | |
| IMPOSED BY (NAME OF COURT)<br>Western District of Missouri, Kansas City | | DATE IMPOSED<br>November 15, 1994 | |
| TO BE BROUGHT BEFORE (NAME OF COURT, CITY, STATE)<br>U.S. District Court<br>Western District of Missouri<br>Kansas City, Missouri | | | |
| CLERK<br>PATRICIA L. BRUNE | (BY) DEPUTY CLERK | DATE<br>9-19-00 | |

| RETURN | | |
|---|---|---|
| Warrant received and executed. | DATE RECEIVED | DATE EXECUTED |
| EXECUTING AGENCY (NAME AND ADDRESS) | | |
| | | |
| NAME | (BY) | DATE |

---

[1] Insert designation of office to whom the warrant is issued, e.g., "any United States Marshal or any other authorized officer;" or "United States Marshal for _____ District of _____;" or "any United States Marshal;" or "any Special Agent of the Federal Bureau of Investigation;" or "any United States Marshal or any special Agent of the Federal Bureau of Investigation;" or "any agent of the Alcohol Tax Unit."

PROB 20
(Rev 8/91)

# PERSONAL HISTORY OF ABSCONDER

To: U.S. Marshal, Warrant Supervisor

TYPE OF WARRANT:

FROM: Larry T. Revella

Supervised Release [X]

OFFICE: Western District of Missouri

PHOTO AVAILABLE: Yes [X]

PHONE NO.: (816) 512-1305

DATE: 09/18/00

| | | |
|---|---|---|
| IN CUSTODY NOW: No [X] | | WHERE: N/A |
| RE: Braun (LAST) | Conrad (FIRST) | J. (MIDDLE) |

[X] Male         RACE: White Non Hispanic

DATE OF BIRTH: 06/29/49         PLACE OF BIRTH: Kansas City, MO

HT: 6' 2"     WT: 190 lbs.      EYES: Blue     HAIR: Blond

***(NOTE: This info required for NCIC)

| COMPLEXION: | SCARS, TATTOOS, DEFORMITIES, OTHER ID MARKS: None known |
|---|---|
| FBI #: 791 521 KA9 | SOCIAL SECURITY NUMBER: 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 |
| LOCAL POLICE #: 7014045 | DOCKET #: 93-00133-01-CR-W-9 |
| DRUG USE: Yes [X] | ALIASES: None known |

LAST KNOWN OR CURRENT ADDRESS: Broadway Manor, 8417 Broadway, No. 112, San Diego, CA 91945

LAST KNOWN OR CURRENT TELEPHONE NO.: Unknown

FORMER PHONE NOS.:

FORMER ADDRESSES:

DATE, PLACE, OFFENSE, AND AGENCY RESPONSIBLE FOR ARREST RESULTING IN SUPERVISION PLACEMENT:

09/08/93  KCMO  Mail/wire fraud

| | |
|---|---|
| DATE OF LAST KNOWN ARREST: 09/08/93 | PLACE: Hutchinson, KS |
| NATURE OF ARREST: Instant offense | |
| VIOLENT HISTORY (Type): Threats/battery - domestic | |
| DATE OF LAST FACE-TO-FACE CONTACT WITH PROBATION OFFICER: 11/15/94 | |
| DOES SUBJECT KNOW WARRANT HAS BEEN ISSUED:   No  [X] | |
| NEXT KNOWN COURT APPEARANCE:   Date: N/A   Location:   Type: | |

KNOWN CO-DEFENDANTS AND ASSOCIATES AND AREAS SUBJECT MAY FREQUENT (names, aliases, addresses):

N/A

KNOWN FAMILY AND RELATIVES (name, relation address, phone no.)

Contact me for any questions concerning family.

| | |
|---|---|
| OCCUPATION: Sales | DATE OF LAST EMPLOYMENT: Currently employed Laptop Training Solutions |
| LAST EMPLOYER AND ADDRESS: Unknown | |
| AUTOMOBILE, DESCRIBE: Unknown | |
| AUTO LICENSE NO., IF KNOWN: | |

OTHER RELATIVE INFORMATION:  Currently under courtesy supervision in the district of S/CA - San Diego. Contact USPO Andrew Lorenzen 619-557-7199 for more detailed information.

NAME AND TELEPHONE NO. OF PROBATION OFFICER:  Larry T. Revella    (816) 512-1305

NAME OF CHIEF PROBATION OFFICER OR SUPERVISOR:  Sharon K. Allmon, Supervising U.S. Probation Officer

SEP 19 '00 Case 3:00-mj-02775-JAH INVESTIGATIONS 512 2006 TO 86195575959 P.06
Document 1 Filed 09/21/00 Page 7 of 17
2000 SEP 19 AM 9:32
SEP 19 2000
PAT BRUCE, CLK.
U S DISTRICT COURT
WEST DISTRICT
OF MISSOURI

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 93-00133-01-CR-W-9-5 |
| Conrad Jules Braun, | ) |
| Defendant. | ) |

## ORDER FOR ISSUANCE OF WARRANT FOR ARREST

On November 15, 1994, Braun appeared for sentencing on 5 counts of wire fraud and ordered to serve 60 months custody with 3 years supervised release. Braun was also sentenced on 5 counts of interstate transfer of monies taken by fraud and ordered to serve 90 months custody with 3 years supervised release, all counts to run concurrent. Braun was released from the Federal Correctional Institution, Texarkana, Texas, on May 26, 2000

Thereafter, on September 18, 2000, the Probation Office for the Western District of Missouri transmitted a "violation report" recommending that a warrant for arrest be issued

For good cause appearing and on the recommendation of the Probation Office, it is ORDERED that the Clerk of the Court shall forthwith issue a warrant for arrest directed to any United States Marshal, or any other authorized officer, directing that Conrad Jules Braun be taken into custody and that he be brought before the nearest available United States Magistrate Judge to determine whether there is probable cause to believe that

Conrad Jules Braun has committed one or more acts constituting a violation of the Conditions of Supervised Release, thus requiring that he be held for a final revocation hearing before a Judge of this Court.

*Nanette Laughrey*
Nanette K. Laughrey
U.S. District Judge

Dated at Kansas City, Missouri, this 19th day of September, 2000.

2

9-19-00
I HEREBY ATTEST AND CERTIFY ON ___ THAT THE FOREGOING ___ IT IS A FULL TRUE AND CORRECT COPY ___ ON FILE IN MY OFFICE AND IN ___
P. L. ___
CLERK ___
WESTERN ___
BY ___ DEPUTY

# MEMORANDUM

2000 SEP 19 A 9:32

Re: BRAUN, Conrad Jules

Case No. 93-00133-01-CR-W-9-5

## Violation Report - Warrant Recommended

September 18, 2000

TO THE HONORABLE NANETTE K. LAUGHREY
U.S. DISTRICT JUDGE:

Braun was sentenced by Judge Bartlett on November 15, 1994, to serve 60 months custody with 3 years supervised release to follow, for wire fraud (Counts 6-10) and 90 months custody with 3 years supervised release to follow, for interstate transfer of monies taken by fraud (Counts 11-15), all counts to run concurrent. Braun was also ordered to make restitution in the amount of $1,966,694.19. Special conditions of release included mental health aftercare and to abide by any Court Order in any jurisdiction, including any Civil Court.

Details of the instant offense involved Braun as president and owner of Gold Standard Corporation, a company he founded in 1976. The business sold gold, silver, and platinum to individuals throughout the United States. In 1982, Braun started to divert some of the investors' money, which was supposed to be used to purchase precious metals, to invest in the commodities market.

From January, 1983, to January, 1993, Braun mailed literature to potential investors that contained false and misleading information. As a result of Braun's fraudulent investments of customers' funds in the commodities market, Gold Standard Corporation had obligations totaling $1,966,694.19 to customers which were not covered by Gold Standards Corporation holdings.

Braun's adjustment to Bureau of Prisons custody, at best could be described as very poor. Because of this behavior, the Federal Correctional Institution at Texarkana, Texas, gave no consideration to transfer Braun to a halfway house. Braun wanted to return to the Kansas City, Missouri, area and reside with his father, who is in his mid-80's, but because of poor health, his father was unable to accommodate him.

Additionally, Braun's ex-wife and husband, Donna and Tucker Kirk, and two of his three adult sons reside in this area. Mrs. Kirk has a "Final Protection from Abuse Order" from Johnson County, Kansas, District Court Civil Court Department, Case No. 00CV1765. The Order is in effect until May 16, 2001. Since his divorce from Donna, Braun has threatened and filed many lawsuits against his ex-wife and her husband. Custody of the children was also a very contested issue.

Because of these problems, Braun's oldest son, Aaron, who lives in the San Diego, California, area, offered to "help" his father. Upon Braun's release from Bureau of Prisons custody on May 26, 2000, Aaron drove his father from the Federal Correctional Institution at Texarkana, Texas, to his residence in San Diego. Braun was going to live with his son until he found employment. The U.S. Probation Office in San Diego agreed to provide "courtesy supervision" pending a decision whether to accept supervision or not.

In a letter dated August 28, 2000 (attached), U.S. Probation Officer Andrew J. Lorenzen outlined Braun's attitude toward supervision. Mr. Lorenzen first met Braun on May 30, 2000. They reviewed the conditions and special conditions of supervised release. Braun was also informed of the travel restrictions placed against him. He was instructed to begin making $50 monthly payments toward restitution and to have no contact with his ex-wife.

On June 12, 2000, Braun reported he no longer resided with his son and that he secured employment as a salesman for a computer company. His duties involve soliciting potential customers via the telephone and community contacts to purchase training courses offered by the company. Braun's income is derived solely on commission from these solicitations. Mr. Lorenzen reported having serious reservations about the employment.

Braun also informed Mr. Lorenzen that he would travel out of the district whenever he wanted, with or without his permission. He further stated, "I will travel to Kansas City anytime I want, and no court or probation officer will stop me from seeing my family."

Additionally, Braun was given a directive not to write to his ex-wife's residence. Braun indicated he would refuse this directive. Finally, Mr. Lorenzen reported that Braun made it clear that he was refusing to make $50 per month restitution payments.

On September 11, 2000, I received a telephone call from Tucker Kirk. He received a letter from Braun dated September 8, 2000 (attached), in which he threatened Kirk with bodily harm if he has any personal contact "with a Braun family member."

2

On that same date, I spoke with Mr. Lorenzen and was informed that Braun reported that he traveled out of district with his son, to Sequoia National Park (Northern District of California) without permission. The travel occurred in September.

For these reasons, the Southern District of California is refusing to accept supervision in this case. It is obvious Braun does not believe he has to abide by the conditions of release. This behavior, along with the background of this case, can only lead to more serious trouble.

Therefore, it is respectfully recommended by the Probation Office that a warrant be issued in this case based upon the following violations:

> **Violation of Condition No. 1,** which reads: "The defendant shall not leave the judicial district without the permission of the court or probation officer."

During September, 2000, Braun traveled from the Southern District of California to the Northern District of California (Sequoia National Park) without the permission of the Probation Office.

> **Violation of Condition No. 3,** which reads in part: ". . .and follow the instructions of the Probation Officer."

On June 12, 2000, Braun was directed not to write a letter to his ex-wife's residence. On September 11, 2000, a letter written by Braun was received by Tucker Kirk at the residence.

> **Violation of General Condition,** which reads: "The defendant shall pay any restitution balance during the first 30 months of supervision on a schedule to be determined by the Probation Office. The defendant shall make restitution in an amount no less than $1,966,694.19 . . ."

On May 30, 2000, Braun was directed by U.S. Probation Officer Lorenzen to begin making minimum monthly restitution payments of $50. To date, he has made no restitution payments and stated he did not plan to make restitution payments in the future.

Assistant U.S. Attorney Linda Parker-Marshall has been advised of the above and agrees with the Probation Office's recommendation.

If Your Honor concurs, attached please find the necessary Order.

Respectfully submitted,

Larry T. Revella
Senior U.S. Probation Officer

LTR:clg
Attachments

cc: Linda Parker-Marshall, Assistant U. S. Attorney

Approved: _____, Supervisor

UNITED STATES OF AMERICA v. Conrad Jules Braun

Case No. 93-00133-01-CR-W-9-5

Larry T. Revella
Senior U.S. Probation Officer

## LIST OF VIOLATIONS

**Violation of Condition No. 1**, which reads: "The defendant shall not leave the judicial district without the permission of the court or probation officer."

During September, 2000, Braun traveled from the Southern District of California to the Northern District of California (Sequoia National Park) without the permission of the Probation Office.

**Violation of Condition No. 3**, which reads in part: "...and follow the instructions of the Probation Officer."

On June 12, 2000, Braun was directed not to write a letter to his ex-wife's residence. On September 11, 2000, a letter written by Braun was received by Tucker Kirk at the residence.

**Violation of General Condition**, which reads: "The defendant shall pay any restitution balance during the first 30 months of supervision on a schedule to be determined by the Probation Office. The defendant shall make restitution in an amount no less than $1,966,694.19..."

On May 30, 2000, Braun was directed by U.S. Probation Officer Lorenzen to begin making minimum monthly restitution payments of $50. To date, he has made no restitution payments and stated he did not plan to make restitution payments in the future.

On that same date, I spoke with Mr. Lorenzen and was informed that Braun reported that he traveled out of district with his son, to Sequoia National Park (Northern District of California) without permission. The travel occurred in September.

For these reasons, the Southern District of California is refusing to accept supervision in this case. It is obvious Braun does not believe he has to abide by the conditions of release. This behavior, along with the background of this case, can only lead to more serious trouble.

Therefore, it is respectfully recommended by the Probation Office that a warrant be issued in this case based upon the following violations:

> **Violation of Condition No. 1,** which reads: "The defendant shall not leave the judicial district without the permission of the court or probation officer."

During September, 2000, Braun traveled from the Southern District of California to the Northern District of California (Sequoia National Park) without the permission of the Probation Office.

> **Violation of Condition No. 3,** which reads in part: "...and follow the instructions of the Probation Officer."

On June 12, 2000, Braun was directed not to write a letter to his ex-wife's residence. On September 11, 2000, a letter written by Braun was received by Tucker Kirk at the residence.

> **Violation of General Condition,** which reads: "The defendant shall pay any restitution balance during the first 30 months of supervision on a schedule to be determined by the Probation Office. The defendant shall make restitution in an amount no less than $1,966,694.19..."

On May 30, 2000, Braun was directed by U.S. Probation Officer Lorenzen to begin making minimum monthly restitution payments of $50. To date, he has made no restitution payments and stated he did not plan to make restitution payments in the future.

Assistant U.S. Attorney Linda Parker-Marshall has been advised of the above and agrees with the Probation Office's recommendation.

If Your Honor concurs, attached please find the necessary Order.

Respectfully submitted,

*Larry Revella*

Larry T. Revella
Senior U.S. Probation Officer

LTR:clg
Attachments

cc: Linda Parker-Marshall, Assistant U. S. Attorney

Approved: _Susan Albrecht_, Supervisor

4

UNITED STATES OF AMERICA v. Conrad Jules Braun

Case No. 93-00133-01-CR-W-9-5

Larry T. Revella
Senior U.S. Probation Officer

## LIST OF VIOLATIONS

**Violation of Condition No. 1,** which reads: "The defendant shall not leave the judicial district without the permission of the court or probation officer."

During September, 2000, Braun traveled from the Southern District of California to the Northern District of California (Sequoia National Park) without the permission of the Probation Office.

**Violation of Condition No. 3,** which reads in part: "...and follow the instructions of the Probation Officer."

On June 12, 2000, Braun was directed not to write a letter to his ex-wife's residence. On September 11, 2000, a letter written by Braun was received by Tucker Kirk at the residence.

**Violation of General Condition,** which reads: "The defendant shall pay any restitution balance during the first 30 months of supervision on a schedule to be determined by the Probation Office. The defendant shall make restitution in an amount no less than $1,966,694.19..."

On May 30, 2000, Braun was directed by U.S. Probation Officer Lorenzen to begin making minimum monthly restitution payments of $50. To date, he has made no restitution payments and stated he did not plan to make restitution payments in the future.